CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUN 25 2013

JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **V.** | : | **Criminal No.** 2:13CR6 |
| | : | **Violation: 30 U.S.C. §§ 820(c) and (d)** |
| **HILLS COAL COMPANY, INC. and** | : | **18 U.S.C. §§ 1001** |
| **DAVID GRIGSBY** | : | |

## INDICTMENT

## INTRODUCTION

At times relevant to this Indictment:

1. HILLS COAL COMPANY, INC. was the corporate Operator of a coal mine (hereinafter referred to as Tipple #1), as defined in Title 30, United States Code, Section 802(d) and 820(c) and (d), and was subject to the provisions of the Federal Mine Safety and Health Act under Title 30, United States Code, Section 803, in that the mine operator extracted products from the coal mine that enter into or affect interstate commerce.

2. DAVID GRIGSBY was the mine foreman at Tipple #1 and was an agent of HILLS COAL COMPANY, INC., as defined in Title 30, United States Code, Section 802(e) and 820(c).

3. In order to protect the coal industry's "most precious resource-the miner", Congress enacted the Federal Mine Safety and Health Act. The Act and regulations passed by the Secretary of Labor set forth mandatory health and safety standards to which each operator and its agents must adhere. Included in these standards are requirements for safety examinations.

4. To insure that all mines are operated in a safe manner, on-shift examinations of the mine work area is conducted daily pursuant to Title 30, Code of Federal Regulation, Section 77.1713(a). The results of such examinations are to be recorded in an approved record book for such examinations.

5. In or about April 2009, no guard was present to protect miners from the rotating machine parts of a return roller on the #2 conveyor belt under the raw coal crusher where miners worked and traveled.

6. Title 30, Code of Federal Regulations, Section 77.1713 provides as follows:

(a) At least once during each working shift, or more often if necessary for safety, each active working area and each active surface installation shall be examined by a certified person designated by the operator to conduct such examinations for hazardous conditions and any hazardous conditions noted during such examinations shall be reported to the operator and shall be corrected by the operator.

(b) If any hazardous condition noted during an examination conducted in accordance with paragraph (a) of this section creates an imminent danger, the person conducting such examination shall notify the operator and the operator shall withdraw all persons from the area affected, except those persons referred to in section 104(d) of the Act, until the danger is abated.

(c) After each examination conducted in accordance with the provisions of paragraph (a) of this section, each certified person who conducted all or any part of the examination required shall enter with ink or indelible pencil in a book approved by the Secretary the date and a report of the condition of the mine or any area of the mine which he has inspected together with a report of the nature and location of any hazardous condition found to be present at the mine. The book in which such entries are made shall be kept in an area at the mine designated by the operator to minimize the danger of destruction by fire or other hazard.

(d) All examination reports recorded in accordance with the provisions of paragraph (c) of this section shall include a report of the action taken to abate hazardous conditions and shall be signed or countersigned each day by at least one of the following persons:

(1) The surface mine foreman;

(2) The assistant superintendent of the mine;

(3) The superintendent of the mine; or,

(4) The person designated by the operator as responsible for health and safety at the mine.

(5) An equivalent mine official.

7. The Mine Safety and Health Administration ("MSHA") is part of the executive branch of the Government of the United States.

## COUNT ONE

The Grand Jury charges that:

1. The Information is realleged and incorporated by reference.

2. In or about April 2009, in the Western District of Virginia, DAVID GRIGSBY and HILLS COAL COMPANY, INC., through its agents, willfully violated the following mandatory safety standards at Tipple #1:

> Failed to ensure that gears; sprockets; chains; drive, head, tail, and takeup pulleys; flywheels; couplings; shafts; sawblades; fan inlets; and similar exposed moving machine parts which may be contacted by persons, and which may cause injury to persons were guarded, in violation of Title 30, Code of Federal Regulations, Section 77.400(a).
>
> Failed to ensure that guards at conveyor-drive, conveyor-head, and conveyor-tail pulleys extended a distance sufficient to prevent a person from reaching behind the guard and becoming caught between the belt and the pulleygears, in violation of Title 30, Code of Federal Regulations, Section 77.400(c).

3. All in violation of Title 30, United States Code, Sections 820(c) and 820(d).

## COUNT TWO

The Grand Jury charges that:

1. The Information is realleged and incorporated by reference.

2. In or about April 2009, in the Western District of Virginia and elsewhere, DAVID GRIGSBY and HILLS COAL COMPANY, INC., through its agents, knowingly and willfully made materially false statements and representations in a matter with the jurisdiction of the executive branch of the Government of the United States.

3. In or about April 2009, DAVID GRIGSBY, as an agent of HILLS COAL COMPANY, INC., willfully and falsely represented in the record book that the required on-shift examination was conducted.

4. In or about April 2009, DAVID GRIGSBY, as an agent of HILLS COAL COMPANY, INC., certified in the mine record book that he conducted an on-shift examination of the mine. However, he did not perform a proper examination of the mine and admitted to performing a "less than thorough walk through."

5. All in violation of Title 18, United States Code, Section 1001.

## COUNTS THREE TO THIRTEEN

The Grand Jury charges that:

1. The Information is realleged and incorporated by reference.

2. On or about the dates set forth below, in the Western District of Virginia and elsewhere, DAVID GRIGSBY and HILLS COAL COMPANY, INC., through its agents, knowingly and willfully made materially false statements and representations in a matter with the jurisdiction of the executive branch of the Government of the United States.

3. On or about the dates set forth below, DAVID GRIGSBY, as an agent of HILLS COAL COMPANY, INC., willfully and falsely represented in the record book that all guards were adequate by stating "Gards ok" or words to that effect.

4. On or about the dates set forth below, DAVID GRIGSBY, as an agent of HILLS COAL COMPANY, INC., made no record of the lack of guard on the No. 2 belt line and did not take any measures to ensure a guard was installed.

5. On or about the dates set forth below, the recording in the record book created the false impression that the mine was in full compliance with all regulations and that no hazardous conditions existed at the time.

| COUNT | DATE |
|---|---|
| THREE | April 1, 2009 |
| FOUR | April 2, 2009 |

| | |
|---|---|
| FIVE | April 3, 2009 |
| SIX | April 6, 2009 |
| SEVEN | April 7, 2009 |
| EIGHT | April 8, 2009 |
| NINE | April 9, 2009 |
| TEN | April 10, 2009 |
| ELEVEN | April 13, 2009 |
| TWELVE | April 14, 2009 |
| THIRTEEN | April 15, 2009 |

6. All in violation of Title 18, United States Code, Section 1001.

A TRUE BILL THIS 25th day of July 2013.

Edith S. Bobko
GRAND JURY FOREPERSON

Timothy J. Heaphy / HPK
UNITED STATES ATTORNEY



*USAO #*